Thomas R. Hadawat, J.
The defendant -above named, on or about February 10, 1960, was indicted by the Grand Jury of Orange County (Indictment No. 3414), accusing him of murder in the first degree, on which indictment he was tried and subsequently convicted.
He now moves for a writ of error coram nobis, and for a dismissal of said indictment, on the grounds that, when he was first apprehended and questioned by the police, he was not advised of his constitutional rights to remain silent and to have the advice of counsel, and that a statement obtained from him at that time was erroneously admitted in evidence on his trial.
The present application is based mainly on two decisions of the United States Supreme Court, in Escobedo v. Illinois (378 U. S. 478) decided on June 22, 1964, and Miranda v. Arizona (384 U. S. 436) decided on June 13,1966.
The Supreme Court has held subsequently that the rules enunciated in the Escobedo and Miranda decisions are prospective only and that they did not apply retroactively to oases in which the trial began prior thereto. (Johnson v. New Jersey, 384 U. S. 719; Jenkins v. Delaware, 395 U. S. 213.)
The,defendant in his petition in the present application states that he was retired on September 21, 1965, and was found guilty on October 14,1965, of the crime of murder in the first degree.
His first trial under Indictment No. 3414 was commenced in September of 1960, and resulted in a judgment of conviction on December 5,1960.
Inasmuch as the first trial was prior to June 22,1964, the date of the decision in the Escobedo case, and prior to June 13, 1966, the date on which the Miranda decision was announced by the Supreme Court, it is the opinion of this court that the decisions of the Suprer&e Court in the Escobedo and Miranda cases are not applicable. In Jenkins v. Delaware (supra), the court held that a retrial was merely a continuation of the prior trial.
Motion for writ of error coram nobis is denied.
The District Attorney is directed to submit an order in conformity with this decision, and to serve a copy on the defendant’s attorney.